IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

FRANKLIN S. SIMMS                                                         PETITIONER

VS.                      Civil No. 2:22-cv-02117-PKH-MEF

MARICOPA COUNTY JAIL and
ALHAMBRA STATE OF ARIZONA
PROCESSING PRISON                                             RESPONDENTS

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

COMES ON for consideration the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 filed by Petitioner, Franklin S. Simms ("Simms"), on July 20, 2022. (ECF No. 1). No response was directed, and none is necessary. The matter may be summarily disposed of.

### I.     Background

The Court notes that Simms is not presently in custody under any sentence imposed by a state or federal court. For the place of confinement portion of the § 2241 petition, he states, "[t]o be determined where I will be falsely imprisoned." (ECF No. 1, p. 1). He states, however, that he is being held on orders by federal and state authorities, specifically listing the United States' Central Intelligence Agency. *Id*. He does not allege that he is a pretrial detainee waiting for trial on criminal charges, serving a sentence after having been convicted of a crime, or being held on an immigration charge, but instead, alleges "CIA to have me falsely imprisoned to use computer string machine to tear off my clothes to take pictures and video of me nude." *Id*. The mailing envelope that contained Simms's petition indicates an apartment address in Fort Smith, Arkansas. *Id*. at 10.

Regarding what he is challenging in his § 2241 petition, Simms states: "Not to be made to

1

be nude so CIA can get nude pictures and video of me. And shown using computer string machine and retrieved by it." He claims he is challenging "CIA and law enforcement molesting me for CIA to obtain illegal nude materials of me," and that the date of this decision or action is "in the near future." (ECF No. 1, p. 2).

Simms lists no respondent in the caption section of the § 2241 petition, but for earlier challenges of the decision or action, he lists the "Maricopa Count[y] jail phoenix AZ 1994," and the "Alhambra State of Arizona processing prison" in 1996. (ECF No. 1, pp. 2-3). He also refers to other prior proceedings, but he fails to show the name of the court involved. *Id*. at 3. He refers to a motion to set aside conviction in the District Court, Southeast Division, of Mesa, Arizona. *Id*. at 5.

For his ground for relied, Simms states the following: "CIA and local law enforcement are trying along with Walmart and other civilians to illegally obtain illegal nude pornography of me also using their most powerful weapon computer string machine." (ECF No. 1, p. 6). For supporting facts, he states, "Judge you, women of the world and most everyone want illegal nude pornography of me that's recent I have learned to bath in underwear and put towels covering the bottom of bathroom door." *Id*. More fanciful allegations are made on an additional page submitted with the petition. *Id*. at 9. For relief, he asks the Court to: "Order law enforcement and local county jails to not strip search me because it will be to obtain extremely desired and valuable nude pictures and video of me with the computer string machine. Also not to force me to shower nude I can wear underwear." *Id*. at 7.

## II.   Discussion

For the reasons discussed below, this Court lacks subject matter jurisdiction to consider

Simms's petition and it should be summarily dismissed with prejudice.

28 U.S.C. § 2241(c) provides:

"The writ of habeas corpus shall not extend to a prisoner unless —

    (1) He is *in custody* under or by color of the authority of the United States or is committed for trial before some court thereof; or

    (2) He is *in custody* for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court of judge of the United States; or

    (3) He is *in custody* in violation of the Constitution or laws or treaties of the United States; or

    (4) He, being a citizen of a foreign state and domiciled therein is *in custody* for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or

    (5) It is necessary to bring him into court to testify or for trial." (Emphasis added.)

Rule 2, Rules Governing § 2254 Proceedings, similarly requires that a petitioner seeking relief be in custody, or be subject to future custody, under the state-court judgment being contested.

In *Maleng v. Cook*, 490 U.S. 488, 490 (1989) the United States Supreme Court held that the federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are "*in custody* in violation of the Constitution or laws or treaties of the United States.'" (quoting 28 U.S.C. § 2254(a)) (emphasis added). The Supreme

Court further explained, "[w]e have interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Id.* at 490–91 (citing *Carafas v. LaVallee,* 391 U.S. 234, 238 (1968)).  *See also Flittie v. Solem*, 822 F.2d 325, 327-28 (8th Cir. 1989) (holding that *Maleng* controls where defendant has long since fully served his sentence); and *Mainali v. Virginia*, 873 F.Supp.2d 748, 750 (E.D. VA. 2012) (*Maleng* has made "unmistakably clear" that a § 2254 petitioner must, at the time his petition is filed, be "in custody" pursuant to the contested state conviction or sentence).

Here, Simms's allegations make clear that he is not in custody under any contested conviction or sentence, nor is he in custody as a pretrial detainee awaiting trial on pending criminal charges, nor is he being held on an immigration charge, nor is he in custody at all. (ECF No. 1, p. 1).  Instead, his allegations concern fanciful notions that the CIA and law enforcement, along with Walmart and other unnamed civilians, are trying to "illegally obtain nude pornography of [him]" to transmit "using their most powerful weapon computer string machine" at some point "in the near future." *Id*. at 2, 6, 9.  His allegations suggest the need for a mental health evaluation and treatment.

Because Simms was not in custody when he filed the petition, the Court does not have jurisdiction to consider his federal habeas claims.  His § 2241 petition should be dismissed without prejudice.

A Certificate of Appealability may issue under 28 U.S.C.§ 2253 only if the applicant has made a substantial showing of the denial of a constitutional right.  A "substantial showing" is one demonstrating that reasonable jurists could debate whether the petition should have been resolved in a different manner or the issues presented deserved further proceedings even though the

petitioner did not prevail on the merits in the court considering his case at present. *Slack v. McDaniel*, 529 U.S. 473 (2000). Simms has not made a substantial showing of the denial of a constitutional right in this case, and a Certificate of Appealability should be denied.

### III.   Conclusion

For the reasons discussed above, this Court does not have subject matter jurisdiction of the habeas corpus claim brought under 28 U.S.C. § 2241. It is, therefore, recommended that Simms's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1) be **DISMISSED without PREJUDICE**. It is further recommended that a Certificate of Appealability be denied.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 3rd day of August 2022.

/s/ *Mark E. Ford*
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE